IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MONTE BOATMAN, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )    No. 12-CV-1095-WDS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent. | ) |

## ORDER

**STIEHL, District Judge:**

Before the Court is petitioner Monte Boatman's pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 1). The Court has completed a preliminary review of the motion pursuant to Rule 4 of the *Rules Governing Section 2255 Proceedings for the United States District Courts*.

### BACKGROUND

On November 19, 2010, petitioner pleaded guilty to conspiracy to interfere with commerce by threats or violence, 18 U.S.C. § 1951(a); interference with commerce by threats or violence, § 1951(a) and 2; and possession of a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c)(1). He was sentenced to 51 months in prison on each of the first two counts, to be served concurrently, and 120 months on the last count, to be served consecutively with the first two counts, for a total of 171 months (Doc. 190, Case No. 09-CR-30084-005-WDS). Judgment was entered on November 22, 2010 (Doc. 193, *id.*). Petitioner did not appeal. He filed the § 2255 motion now under review on October 10, 2012.[1]

In this motion, petitioner separates his claims into four grounds, but they are essen-

---

[1] The date when petitioner mailed his motion is the effective filing date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

tially one claim. He argues ineffective assistance of counsel in his guilty-plea proceeding. In support, he includes a letter from his defense attorney, Jeffrey J. Rosanswank, which, petitioner contends, shows that his plea agreement was involuntary due to threats by the government and promises of a specific sentence by his attorney and the government (Doc. 1, Ex. A). The letter states:

> You will probably remember that the prosecutor threatened to make you take an open plea if you wouldn't agree to co-operate. However, even though he is no longer asking for your cooperation, he is willing to go ahead and agree to the minimum 41 months on the robbery count instead of leaving the guidelines open. …
>
> The prosecutor continues to require that you not ask for a sentence of less than 41 months on the robbery count, but the judge would still have the right to give you a lower sentence if he wants to. As I have promised you, I will do everything I can to convince the judge at sentencing to give you the lowest sentence possible on the robbery charge.

(Doc. 1, Ex. A, p. 2). This letter is dated August 10, 2010, but petitioner just received it from jail officials on September 13, 2012. He believes it is therefore newly discovered evidence showing that the assistant U.S. attorney made repeated threats against him "through the entire time" of the plea negotiations, including the day before he entered his plea. He says he told his attorney repeatedly he did not want to plead guilty, but felt he was forced to due to the government's threats, which are outside the Court's record. His attorney allegedly assisted the government in threatening and coercing him to plead guilty. He contends that his plea agreement (and the waiver of collateral review) is void because the government's threats made the agreement unknowing and involuntary. *See Machibroda v. United States*, 368 U.S. 487, 493 (1962).

## ANALYSIS

A federal prisoner may attack his sentence on the grounds that "the sentence was

2

imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

Under the *Rules Governing Section 2255 Proceedings for the United States District Courts*:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response … or to take other action the judge may order.

Rule 4(b). Similarly, 28 U.S.C. § 2255(b) states that the district court may deny the motion without holding a hearing or requiring the government to respond if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." The court must accept a petitioner's factual allegations as true "except to the extent that they are inherently incredible, merely conclusory rather than statements of fact, or are contradicted by the record." *Eaton v. United States*, 458 F.2d 704, 706 (7th Cir. 1972).

Petitioner claims he was threatened by the government and his attorney throughout the entire time he was negotiating his plea, which rendered the plea unknowing and involuntary. A guilty plea "operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)).

Petitioner here is making only bare assertions that he was threatened. He does not

say what the threats were or what his attorney's promises of a specific sentence were. The letter he attaches as an exhibit only undermines his claims. The only "threat" was to make petitioner take an open plea, which was within the government's discretion—it need not have offered petitioner a plea bargain at all.[2] *See United States v. Hall*, 212 F.3d 1016, 1022 (7th Cir. 2000); *United States v. Springs*, 988 F.2d 746, 749 (7th Cir. 1993). The only promise his attorney made in the letter was to do everything he could to convince the judge to give petitioner the lowest sentence possible on the robbery charge. That is not a promise of a specific sentence.

More importantly, petitioner is contradicting the statements he made to the Court under oath. Petitioner affirmed during his plea colloquy that no one, including either the government's attorney or his attorney, had attempted to force or compel him to plead guilty. He affirmed that he was not given any promise or assurance other than what was in his plea agreement. And he affirmed that he was fully satisfied with his attorney. After reviewing the terms of the plea agreement with him, the Court found that petitioner's guilty plea was a knowing and voluntary plea. Further, petitioner's plea agreement includes the following assurances: "Defendant states that he has read this agreement and has discussed it with his attorney, and understands it" (Doc. 128, § I, ¶ 8, Case No. 09-CR-30084); "Defendant understands that the Sentencing Guidelines are advisory only and that the Court has the discretion to sentence the Defendant anywhere up to the statutory maximum sentence … " (*id.*, § II, ¶ 5); "[N]o promises, inducements or representations, other than those specifically set forth in this Plea Agreement … were made to induce him to enter into this Plea Agreement" (*id.*, § I, ¶ 2).

"The whole point" of the plea colloquy is to ensure that the plea was knowingly and voluntarily made. *United States v. Ellison*, 835 F.2d 687, 693 (7th Cir. 1987); Fed. R. Crim. P. 11(b). Thus a claim that can succeed only if the defendant lied to the judge during

---

[2] The government dropped the "threat" anyway. It agreed to recommend a sentence at the low end of the guideline range, and did so (Doc. 128, § II, ¶ 5, Case No. 09-CR-30084-WDS).

the plea colloquy "may be rejected out of hand unless the defendant has a compelling explanation for the contradiction." *United States v. Peterson*, 414 F.3d 825, 827 (7th Cir. 2005); *accord United States v. Messino*, 55 F.3d 1241, 1248 (7th Cir. 1995). "Entry of a plea is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard." *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999). Petitioner does not offer any compelling explanation for the contradictions here. He could have withdrawn his plea or otherwise voiced the objections he is asserting now. *See Stewart*, 198 F.3d at 986 ("The fundamental problem … is that [the petitioner] has already had one opportunity to state, under oath and in the presence of the district judge, whether his attorney gave such defective advice. That opportunity was the plea hearing … ."). The Court **FINDS** that petitioner's motion is without merit.

## CERTIFICATE OF APPEALABILITY

Should a petitioner appeal a district court's ruling dismissing his motion under 28 U.S.C. § 2255, he must first secure a certificate of appealability from the district court or the court of appeals. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right," which is interpreted to mean the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part, *id.* at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the district court denies the certificate, the petitioner may request a circuit judge to issue it. Fed. R. App. P. 22(b)(1).

Petitioner does not provide a compelling explanation for contradicting the sworn

statements in his plea colloquy and plea agreement. There is no basis for believing that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. Consequently, petitioner has not made a substantial showing of the denial of a constitutional right. A certificate of appealability will not be issued.

## CONCLUSION

On preliminary review of petitioner's motion pursuant to Rule 4, it plainly appears from the motion, attached exhibit, and record of prior proceedings that petitioner is not entitled to relief. Accordingly, the motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED with prejudice**. A certificate of appealability will not be issued.

    **IT IS SO ORDERED.**

    **DATED: November 5, 2012**

                                    **/s/ WILLIAM D. STIEHL**
                                        **DISTRICT JUDGE**