IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MONTE BOATMAN, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )  No. 12-CV-1095-WDS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent. | ) |

## ORDER

**STIEHL, District Judge:**

    Petitioner Monte Boatman filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 1). He argued that his plea agreement was involuntary due to threats by the government and promises of a specific sentence. Because there were no actual threats or promises, however, and because petitioner had affirmed in his plea colloquy that no one had forced him to plead, the Court found that petitioner's motion was without merit and dismissed it on preliminary review. Now before the Court is petitioner's motion for reconsideration (Doc. 4).

    Although petitioner does not say which rule or statute he is relying on in this motion, it is the substance of the motion that controls. *E.g.*, *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). In the context of a motion to vacate, set aside, or correct a sentence under § 2255, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), § 2255(h), limits the filing of successive motions; federal prisoners "are entitled to a single unencumbered opportunity to pursue collateral review." *Vitrano v. United States*, 643 F.3d 229, 233 (7th Cir. 2011). The district court lacks jurisdiction to consider a successive motion. *Id.* at 232–33. Rather, a panel of the court of appeals must certify that such a motion contains either newly discovered evidence or a new rule of constitutional law. § 2255(h);

2244(a); *Vitrano*, 643 F.3d at 233. Consequently, any motion that is *functionally* a § 2255 motion must be treated as a § 2255 motion. *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Hare v. United States*, 688 F.3d 878, 880 (7th Cir. 2012); *see also Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005).

A motion that challenges the legality of the prisoner's detention and seeks release from prison is functionally a § 2255 motion. *Curry*, 507 F.3d at 604. Thus a motion that adds a new ground for relief or that "attacks the federal court's previous resolution of a claim *on the merits*"[1] presents a claim for habeas relief. *Gonzalez*, 545 U.S. at 532.[2] By contrast, a motion that "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," may be treated as a motion under Rule 60(b). *Id.* at 532–33.

Here, petitioner's two-page motion says he informed the Court that the government told him it would indict him on additional charges and give him a higher sentence if he refused to cooperate. Those were threats, he says, and the government cannot make threats in any form. He wants the Court to reconsider its earlier ruling and grant him an evidentiary hearing. The Court finds that petitioner is attacking the Court's previous resolution of his claims on the merits. His motion is, therefore, functionally a § 2255 motion. Since he has filed a previous § 2255 motion that was adjudicated on the merits, and since he has not received certification from the court of appeals to file a successive motion, his motion for reconsideration must be dismissed for lack of jurisdiction. *See* § 2255(h); *Vitrano*, 643 F.3d at 233.

The Court declined to issue a certificate of appealability in its previous order dismissing petitioner's § 2255 motion, and this motion does not change the Court's determi-

---

[1] "On the merits" means "a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief." *Gonzalez*, 545 U.S. at 532 n.4.

[2] Although the Supreme Court in *Gonzalez* limited its holding to habeas corpus petitions filed under 28 U.S.C. § 2254, *Gonzalez*, 545 U.S. at 529 n.3, the Seventh Circuit and other circuit courts have since applied *Gonzalez* to motions filed under § 2255. *See generally Curry v. United States*, 507 F.3d 603 (7th Cir. 2007); *United States v. Buenrostro*, 638 F.3d 720 (9th Cir. 2011).

nation that petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253. A certificate of appealability will not be issued. Petitioner may request that a circuit judge issue him one. *See* Fed. R. App. P. 22(b)(1). Petitioner's motion for reconsideration (Doc. 4) is **DISMISSED** for lack of jurisdiction.

    **IT IS SO ORDERED.**

    **DATED: July 12, 2013**

                                                 **/s/ WILLIAM D. STIEHL**
                                                   **DISTRICT JUDGE**